Berkshire Warehouse Company, Appellee, v. Hilger & Company et al., on appeal of Edward Hines Lumber Company, Appellant.

Gen. No. 20,234.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed December 21, 1914.

## Statement of the Case.

Suit by the Berkshire Warehouse Company, a corporation, against Hilger & Company, a corporation, and various other defendants for the determination and settlement of various mechanics' liens. The Edward Hines Lumber Company filed an intervening

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CLXXXX 4

petition or answer asserting its right to a lien to the amount of $857.59, on the premises, for lumber furnished the general contractors, Hilger & Company, and used in constructing certain improvements for the complainant. From a decree dismissing the intervening petition of said Edward Hines Lumber Company, for want of equity, it appealed.

ADAMS, CREWS, BOBB & WESCOTT, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1325*—*when findings of lower court are presumed true.* Findings of a master and court which are not attacked below or in the assignments of error will be assumed to be true on appeal.

2. MECHANICS' LIENS, § 94*—*when notice of material man must be given.* Under section 24 of the Mechanics' Lien Act, (J. & A. ¶ 7162) a notice of the furnishing of materials "may" be given at any time after the subcontractor or party furnishing labor or materials has made his contract, but such notice "shall" be given within sixty days after the completion thereof.

3. MECHANICS' LIENS, § 90*—*what is effect of contractor's statement to owner as to liens.* Under section 27 of the Mechanics' Lien Act, (J. & A. ¶ 7165) a subcontractor whose name is omitted from a statement by the original contractor, such as is required by section 5, even though the statement is false and defective because of such omission, cannot enforce a claim or lien against an innocent owner who has not in his hands sufficient money due or to become due the original contractor to satisfy both such claims, and all the claims which have not been so omitted from the contractor's statement, unless he can show that before the payments to the contractor or subcontractors named in the scheduled statement, which have caused the deficiency, he has served such a notice as is provided for by section 24 of the Act (J. & A. ¶ 7162).